UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:21-cv-00365-JPH-TAB |
| ) | |
| BMO HARRIS BANK N.A., ) | |
| EQUIFAX INC., ) | |
| EXPERIAN, ) | |
| TRANS UNION, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, Deborah Walton, brought this action on February 17, 2021. Dkt. 1. In March 2021, she moved for clerk's entry of default against Defendants TransUnion and Experian and for judgment on the pleadings against Defendants Equifax and TransUnion. Dkt. 6; dkt. 7; dkt. 12; dkt. 13. On April 14, 2021, Defendant BMO Harris Bank filed a motion to dismiss the complaint against it under Federal Rule of Civil Procedure 12(b)(6).

In response to BMO Harris Bank's motion to dismiss, Ms. Walton moved for leave to file an amended complaint. Dkt. 31. BMO Harris Bank opposes the motion, arguing that the amendment would be futile. Dkt. 37. However, Ms. Walton moved to amend her complaint within 21 days after the service of the motion to dismiss. *See* dkt. 26; dkt. 31. She therefore may amend her complaint "as a matter of course" without the Court's leave. Fed. R. Civ. P. 15(a)(1). That "right to file an amended complaint" is "absolute" and "the amended pleading should [be] filed." *Johnson v. Dossey*, 515 F.3d 778, 780

1

(7th Cir. 2008).[1] Ms. Walton's amended complaint, dkt. 31-1, is therefore the operative complaint. *See id.* ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.").

Ms. Walton is responsible for proper service of the amended complaint. *See* Fed. R. Civ. P. 4; Fed. R. Civ. P. 5(a)(1)(B). Because Defendants have 14 days after service to respond, Fed. R. Civ. P. 15(a)(3), Ms. Walton's motions for clerks' entry of default are **DENIED without prejudice as moot**, *see Blair v. Green Square Co. LLC*, No. 1:20-cv-888-JMS-MPB, 2020 WL 6827247 at *5 (Nov. 20, 2020). Dkt. [6]; dkt. [7]. Similarly, because the previous complaint is withdrawn, the pending motions for judgment on the pleadings, dkt. [12]; dkt. [13], and motion to dismiss, dkt. [26], are **DENIED without prejudice as moot**. *See Johnson*, 515 F.3d at 780.

**The Clerk shall docket** Ms. Walton's amended complaint and its exhibits, dkt. 31-1; dkt. 31-2, as a separate docket entry.

**SO ORDERED.**

---

[1] *Johnson* recognized "one exception" when "it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss." 515 F.3d at 780. BMO Harris Bank argues that's the case here, dkt. 37, but the Court declines to strike the amended complaint because the other defendants have not made the same argument and BMO Harris Bank will not be prejudiced because it can refile its motion to dismiss, *cf. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits.").

Date: 5/10/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 598
Westfield, IN 46074

Jacob V. Bradley
QUARLES & BRADY LLP (Indianapolis)
jacob.bradley@quarles.com

Lucy Renee Dollens
QUARLES & BRADY LLP (Indianapolis)
lucy.dollens@quarles.com

Alexandra Robinson French
BARNES & THORNBURG LLP
arobinson@btlaw.com

Robert Fitzpatrick Hart
JONES DAY (Chicago)
rhart@jonesday.com

Andrew M. Lehmann
SCHUCKIT & ASSOCIATES P.C.
alehmann@schuckitlaw.com

Evan Rutter
SCHUCKIT & ASSOCIATES P.C.
erutter@schuckitlaw.com