UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00365-JPH-TAB |
| | ) |
| EQUIFAX INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE**

Plaintiff, Deborah Walton, filed this case in February 2021 alleging Fair Credit Billing Act and Fair Credit Reporting Act violations against BMO Harris Bank, Equifax, Experian, and Trans Union. Dkt. 1; *see* dkt. 42 (amended complaint). Experian and Trans Union have been dismissed by stipulation, dkt. 46; dkt. 58, and the Court granted BMO Harris's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dkt. 65. Ms. Walton has filed a motion for clerk's entry of default against the sole remaining defendant, Equifax, dkt. 77, which Equifax opposes, dkt. 80.

On September 1, 2022, the Seventh Circuit sanctioned Ms. Walton in an unrelated appeal for "persist[ing] in pursuing frivolous litigation." *Walton v. First Merchants Bank*, No. 22-1246, doc. 14 at 3 (7th Cir. Sept. 1, 2022) (citing *Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). That Court "direct[ed] the clerks of all federal courts in this circuit to return unfiled any papers that Walton tries to file for two years, other than in cases concerning a criminal prosecution against her or a habeas corpus proceeding." *Id.* at 3–4.

1

That order governs this case—the Seventh Circuit did not exclude filings in pending cases from its order that "any papers" be returned unfiled. *See id.*

Ms. Walton is therefore unable to prosecute this case until at least September 1, 2024. Because of that delay, dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) is appropriate. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) ("A plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution."); *Tome Engenharia E. Transportes, Ltda v. Malki*, 98 Fed. App'x 518, 520 (7th Cir. Apr. 6, 2004) ("[A] lengthy period of inactivity" can warrant Rule 41(b) dismissal). Indeed, the "power to [dismiss a case for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding that Rule 41(b) dismissals may be made *sua sponte*). Ms. Walton is solely responsible for the delay here—which will last at least two years—because she engaged in persistent frivolous litigation that required sanctions. *Walton*, No. 22-1246, doc. 14 at 3–4; s*ee Simelton v. Alexander Cnty. Housing Auth.*, 2022 WL 729427 at *2 (7th Cir. Mar. 10, 2022) (affirming dismissal after plaintiff "did not participate in his case for over six months"). Any result other than dismissal would be unfair to Equifax. *See Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984) ("[P]rejudice may be presumed from an unreasonable delay.").

Finally, the ordinarily required warning before dismissal under Rule 41(b) is not appropriate here. *See Bolt*, 227 F.3d at 856. The Seventh Circuit's

order prevents Ms. Walton from responding to any show cause order and from resuming timely prosecution of this case. *Walton*, No. 22-1246, doc. 14 at 3–4.

In short, the Seventh Circuit's sanction demonstrates that Ms. Walton is responsible for the "clear record of delay" here. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Ms. Walton's claim against Equifax is therefore **DISMISSED with prejudice** under Federal Rule of Civil Procedure 41(b). Ms. Walton's motion for entry of default, dkt. [77], and motions for default judgment, dkt. [78]; dkt. [79], are **DENIED as moot**. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 292
Carmel, IN 46082

All Electronically Registered Counsel